**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KARANBIR SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1944-SLP |
| | ) | |
| FRED FIGUEROA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner, Karanbir Singh, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Before the Court is Respondents' Response to Order to Show Cause [Doc. No. 11].[1] Respondents acknowledge that this matter is controlled by the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026).[2] Accordingly, the Court GRANTS IN PART the Petition [Doc. No. 1] as to Petitioner's statutory challenge to his detention pursuant to 8 U.S.C. § 1225(b)(2)(a).

---

[1] Respondents also filed a Supplemental Response to Order to Show Cause, [Doc. No. 12], stating that they are "now aware that a bond hearing has been scheduled for Petitioner, to take place August 24, 2026." Respondents have provided no further notice to the Court that this hearing took place. As such, the Court finds that granting relief in this matter is still warranted. *See Quiroz*, 130 F.4th at 1251 n. 13 ("[T]he district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.") (citations omitted).

[2] Respondents nonetheless state they do not intend to waive appellate review and they do not concede that *Santillan Quiroz* was correctly decided.

IT IS THEREFORE ORDERED that the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.[3]

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on September 24, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[4]

A separate judgment shall be entered.

IT IS SO ORDERED this 17th day of September, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

[3] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims.

[4] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").